**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) Case No. 14-12343 (BLS) <br> ) <br> ) **Re: Docket No. 7** <br> ) <br> ) **Hearing Date: TBD** <br> ) **Objections Due: TBD** |
| FERROUS MINER HOLDINGS, LTD., | |
| Debtor. | |
| In re: | ) <br> ) Chapter 11 <br> ) Case No. 14-12344 (BLS) <br> ) <br> ) **Re: Docket No. 7** <br> ) <br> ) **Hearing Date: TBD** <br> ) **Objections Due: TBD** |
| GLOBAL NAPS, INC., | |
| Debtor. | |

**DEBTORS' OBJECTION TO THE
MOTION TO SHORTEN TIME FOR NOTICE AND RESPONSE
TO MOTION OF CARL F. JENKINS, AS COURT-APPOINTED RECEIVER,
TO DISMISS CHAPTER 11 BANKRUPTCY CASES PURSUANT TO 11 U.S.C. § 305**

Ferrous Miner Holdings, Ltd. ("Ferrous Miner") and Global NAPs, Inc. ("Global NAPs" and, together with Ferrous Miner, the "Debtors"), as debtors and debtors in possession in the above-captioned cases, hereby object (the "Objection") to the Motion to Shorten Time for Notice and Response (the "Motion to Shorten") [D.I. 7] to Motion of Carl F. Jenkins, as Court-Appointed Receiver, to Dismiss Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. § 305 (the "Motion to Dismiss") [D.I. 6]. In support of the Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Motion to Shorten should be denied. By the Motion to Shorten, Carl F. Jenkins (the "Receiver") seeks case dispositive – and case terminative – relief while providing

the Debtors and other parties in interest *just one business day* to respond prior to the Receiver's self-selected hearing date.

  2. While the Receiver masquerades his Motion to Shorten on the purported need to resolve the Motion to Dismiss prior to an October 22, 2014, hearing in the United States District Court for the District of Massachusetts (the "Massachusetts District Court"), his true intent is to deny the Debtors and other parties in interest any meaningful opportunity to contest the Motion to Dismiss.[1]  This is especially true given that the Receiver has denied the Debtors access to even a mailing list of the Debtors' creditors, so all of the Debtors' creditors will not have an opportunity (let alone a meaningful opportunity) to respond to the Motion to Dismiss on the Receiver's self-serving expedited timeline.  Rather, it is apparent that the Receiver's intentions are to prevent the Debtors and other parties in interest from learning of the Receiver's own transgressions in the action pending before the Massachusetts District Court (the "Massachusetts Action").

  3. Notwithstanding the foregoing, the Receiver's arguments to shorten notice of the Motion to Dismiss fall far short of constituting "cause" under Local Rule 9006-1, as discussed herein.

  4. The Debtors should be afforded a reasonable period of time to fully respond to the arguments raised in the Motion to Dismiss, particularly because there is no need for an emergency hearing.  The Debtors respectfully request that the Motion to Shorten be denied.

### **RELEVANT FACTS**

**A. The Debtors and the Receivership**

  5. The Debtors, both of which are incorporated in the State of Delaware, were formerly engaged in the land-based telephone business.  Global NAPs is the wholly-owned

---

[1] The Debtors reserve all rights to respond to the Motion to Dismiss.

subsidiary of Ferrous Miner.  Global NAPs operated as a local exchange carrier, providing voice and data services.  At its peak, Global NAPs' business generated $60 million in annual revenue.

      6.      In 2002, Global NAPs commenced litigation in the Massachusetts District Court against Verizon New England, Inc. d/b/a Verizon Massachusetts ("Verizon") to appeal an arbitration order issued by the Massachusetts Department of Telecommunications and Energy in connection with a business dispute.

      7.      On January 29, 2009, Massachusetts District Court entered a Judgment against the Debtors and certain other parties in the amount of $57,716,714 on account of a counterclaim asserted by Verizon.

      8.      On May 6, 2010, upon Verizon's *ex parte* application, the Massachusetts District Court entered an Order for Appointment of Keeper and Receiver (the "Receivership Order").  By the Receivership Order, the Receiver was appointed for the benefit of Verizon as receiver over the property and interest of the Debtors and other judgment debtors.

      9.      Since the Receiver's appointment, he has refused multiple requests and to comply with orders of the Massachusetts District Court to provide accountings, has sold assets at a fraction of their value (even when presented with better or higher offers), and has not made distributions to creditors despite paying himself and his professionals millions of dollars in legal and professional fees.

      10.      The Debtors determined that it is in their best interests and the best interests of their estates and creditors to file for protection under Chapter 11 of the Bankruptcy Code and reorganize their businesses for the benefit of their creditors with transparency and speed.

**B.     The Bankruptcy Filings**

11.    On October 14, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in this case.

12.    With their petitions, the Debtors filed all of the documents required by Bankruptcy Rule 1007(a)(1).  Because the Receiver is in possession of all of the Debtors' books and records, however, the Debtors had no option other than to compile their Top 20 Lists using publicly-available information garnered from the Massachusetts Action which, notably, did not contain creditor mailing addresses.  Thus, creditors have not yet been notified of these Chapter 11 proceedings.

13.    The morning immediately following the Petition Date, proposed counsel to the Debtors spoke with the trial attorney for the Office of the United States Trustee (the "U.S. Trustee") assigned to this case.  Proposed counsel informed the U.S. Trustee that the Debtors would demand that the Receiver turn over the Debtors' property, including their books and records, within 10 days, and that he turn over a creditor mailing list immediately.  A true and correct copy of that letter is attached to the Motion to Dismiss as Exhibit F.

14.    Absent the Receiver's compliance, proposed counsel informed the U.S. Trustee that the Debtor intended to file a motion under section 543 of the Bankruptcy Code.  The first omnibus hearing date requested by the Debtor for December 2, 2014, was selected to allow 10

days for the Receiver to comply and, assuming he did not, provides sufficient time to comply with the typical notice requirements under the Bankruptcy Rules for the presentation of motions.[2]

15. The Debtors did not file a first-day affidavit because they did not request first-day relief. Currently, the Debtors are not operating entities. The Debtors, however, plan to resume operations in conjunction with their reorganization. Therefore, any relief needed by the Debtors in furtherance of their duties and obligations under the Bankruptcy Code and their businesses can be heard at the first omnibus hearing. As noted, the Debtors have secured omnibus hearing dates in early December and early January.

## ARGUMENT

16. In "support" of his request to conduct a hearing on the Motion to Dismiss less than two business days after he filed it – the Motion to Dismiss was filed after 8:30 p.m. on Friday, October 17, 2014, and seeks a hearing date of 11:30 a.m. on Tuesday, October 21, 2014 – the Receiver makes two meritless arguments: (i) that the relief is warranted to "end these cases quickly" and (ii) that an October 22, 2014, hearing in the Massachusetts Action is somehow dependent on the resolution of the Motion to Dismiss. Motion to Shorten ¶¶ 6-7. Both arguments fail.

17. The Receiver's first argument goes to the core of his Motion to Dismiss which should be decided on a full record. While the Debtors reserve all rights to fully respond to the Motion to Dismiss, with evidence and witnesses, they note the following serious issues raised in the Motion to Dismiss and the Receiver's cursory analysis of such issues:

   a. The Receiver argues that bankruptcy filings violated the Receivership Order (Motion to Dismiss ¶ 26), but points to no specific provision of that order prohibiting such filings. At a hearing conducted by the Massachusetts District

---

[2] The Thanksgiving holiday also falls in this period.

Court *after* the Petition Date, the Receiver attempted to make the same argument but similarly could not identify any violation of the Receivership Order. The Receiver also ignores that Congress specifically did not exclude debtors who are subject to receiverships from the right to file bankruptcy. S*ee, e.g.,* 11 U.S.C. § 543 (directing a custodian to turnover property to a debtor); 11 U.S.C. § 101(11)(A) (defining a custodian to include a receiver); Bankruptcy Rule 6002(a) (requiring custodians to account to the United States trustee).

b. The Receiver argues that Mr. Gangi lacked the authority to authorize the Debtors' bankruptcies pursuant to state law (Motion to Dismiss ¶ 25), yet he does not cite a single Delaware authority. As the Receiver should know, both Debtors are Delaware entities.

c. The Receiver makes numerous virulent allegations against Mr. Gangi (*see, e.g.,* Motion to Dismiss ¶¶ 35-38), but ignores a multitude of details, including, but not limited to, those set forth below.

   i. First, the Debtors are now subject to this Court's and the United States Trustee's oversight and all of the concomitant reporting requirements.

   ii. Second, the Receiver ignores his own wrongdoing and the fact that other creditors – provided they receive notice of the bankruptcies prior to the Court hearing the Motion to Dismiss – would likely support the Debtors. For example, two major creditors, USAC and Amtrak, both of which are quasi-government entities, have filed motions or other pleading in the Massachusetts Action demanding an accounting by the Receiver, which the Receiver has ignored, or voicing displeasure with the Receiver. True

and correct copies of the motions are attached hereto as Exhibits A-C. This proceeding will provide creditors with the transparency that they have repeatedly demanded of the receiver and should receive.

iii. Third, Mr. Gangi has the demonstrated his capacity to build and operate profitably telecommunication businesses. The Receiver neglected to tell the Court that *he employed* Mr. Gangi to manage the technological aspects of the companies during the receivership and paid him an annual salary of $1 million for two years to do so until Mr. Gangi tendered his resignation (which the Receiver did not want to accept).  The Receiver's employment of Mr. Gangi occurred *after* the events asserted in paragraphs 35-38 of the Motion to Dismiss.  The Receiver cannot now argue that Mr. Gangi lacks the capability or trustworthiness to resuscitate the Debtors' business under the supervision of the U.S. Trustee and the Court and with the transparency required of all debtors under the Bankruptcy Code.

iv. Fourth, there has been no substantiated allegations of misappropriation or misuse of corporate funds or assets made against Mr. Gangi.  The same cannot be said about the Receiver.

18. As demonstrated above, the issues raised in the Motion to Dismiss are serious, complex, and impact many constituencies other than the Debtors and the Receiver.  Against this backdrop, the Receiver's desire to "end these cases quickly" certainly does not constitute "cause" under Local Rule 9006-1.

19. The second and final argument offered by the Receiver for the Motion to Shorten is that the Motion to Dismiss must be decided before a October 22, 2014, hearing in the Massachusetts Action. This argument also suffers from several fatal defects.

20. First, the Receiver admits that this hearing involves the sale of property of one of the Debtors' affiliates – not the Debtors. The Massachusetts District Court can determine whether or not the automatic stay applies to such sale. In fact, the Receiver neglected to mention that the Massachusetts District Court conducted a hearing the day immediately after the Petition Date with respect to issues not involving the Debtors although that court was fully aware of the bankruptcy filings. The Massachusetts District Court is capable of (and has jurisdiction for) assessing the boundaries of the automatic stay. If the Massachusetts District Court determines not hold a hearing because of the Debtors' automatic stay, then the Receiver can reserve his right to seek relief from this Court if it is appropriate. That, however, is much different than the expedited Motion to Dismiss that he currently seeks.

21. Second, even if the Motion to Dismiss is granted prior to the October 22, 2014, hearing (and it should not be), the certainty that the Receiver wishes to afford to the proposed purchaser will be lacking due to the Debtors' right to appeal.

22. The October 22, 2014, hearing in the Massachusetts Action is a red herring intended to provide the Debtors and other parties in interest with essentially no time to respond to and contest the Motion to Dismiss. The Receiver's position is unjustified and inequitable, and does not constitute "cause" under Local Rule 9006-1.

## CONCLUSION

23. The Debtors respectfully request that the Court deny the Motion to Shorten and schedule the Motion to Dismiss to be heard at the December 2, 2014, omnibus hearing, or at another reasonable time. Proposed counsel is available for a status conference at the Court's convenience.

Dated: October 19, 2014  
       Wilmington, Delaware

**BENESCH, FRIEDLANDER,**  
**COPLAN & ARONOFF LLP**

 /s/ Michael J. Barrie  
Michael J. Barrie (No. 4684)  
Kevin M. Capuzzi (No. 5462)  
222 Delaware Avenue, Suite 801  
Wilmington, Delaware 19801  
Telephone:  (302) 442-7010  
Facsimile:  (302) 442-7012  
Email:  mbarrie@beneschlaw.com  
            kcapuzzi@beneschlaw.com

*Proposed Counsel to the Debtors*

8325401 v2