# EXHIBIT D

```
 1                       UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS
 2


 3


 4    GLOBAL NAPS, INC.,                   )
           Plaintiff,                      )
 5                                         )
                                           )
 6    vs.                                  )
                                           )
 7                                         )
      VERIZON NEW ENGLAND, INC.,           )
 8    d/b/a/ VERIZON MASSACHUSETTS         )
           Defendant,                      ) Civil Action No.
 9         Counterclaim Plaintiff          ) 02-12489-RWZ
                                           )
10    vs.                                  )
                                           )
11    GLOBAL NAPS NEW HAMPSHIRE,           )
      INC.; GLOBAL NAPS NETWORKS,          )
12    INC.; GLOBAL NAPS REALTY, INC.;      )
      CHESAPEAKE INVESTMENT SERVICES,      )
13    INC.; 1120 HANCOCK STREET,           )
      INC.; FERROUS MINER HOLDINGS,        )
14    LTD.; and FRANK GANGI,               )
           Counterclaim Defendants.        )
15                                         )


16
      BEFORE:   THE HONORABLE RYA W. ZOBEL
17


18                        EVIDENTIARY HEARING
                      DAY THREE - SECOND SESSION
19
            John Joseph Moakley United States Courthouse
20                        Courtroom No. 12
                          One Courthouse Way
21                        Boston, MA 02210
                      Wednesday, December 3, 2008
22                         12:05 p.m.


23                  Brenda K. Hancock, RMR, CRR
                        Official Court Reporter
24          John Joseph Moakley United States Courthouse
                          One Courthouse Way
25                        Boston, MA 02210
                          (617)439-3214
```

```
 1    APPEARANCES:

 2

      For the Plaintiff:
 3
           DREIER LLP
 4         By:  Eric C. Osterberg, Esq. and
                Joseph M. Pastore, III, Esq.
 5              Paul Dehmel, Esq.
           One Landmark Square
 6         20th Floor
           Stamford, CT 06901
 7

 8    For the Defendant Verizon New England, Inc.:

 9         VERIZON NEW ENGLAND, INC.
           By: Richard P. Owens, Esq.
10         185 Franklin Street
           Room 1301
11         Boston, MA 02110-1585

12              - and -

13         KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
           By: Scott H. Angstreich, Esq. and
14             Andrew M. Hetherington, Esq.
               Andrew C. Shen, Esq.
15         Sumner Square
           1615 M Street, N.W.
16         Suite 400
           Washington, D.C. 20036
17
                - and -
18
           GIBSON, DUNN & CRUTCHER LLP
19         By: Robert L. Weigel, Esq. and
               Jason W. Myatt, Esq.
20         200 Park Avenue
           47th Floor
21         New York, NY 10166-0193

22

23

24

25
```

1  (See Day Three - Session One transcript for proceedings prior

2  to recess)

3  (Recess taken)

4          (The following proceedings were held in open court

5  before the Honorable Rya W. Zobel, United States District

6  Judge, United States District Court, District of Massachusetts,

7  at the John J. Moakley United States Courthouse, One Courthouse

8  Way, Courtroom 12, Boston, Massachusetts, on Wednesday,

9  December 3, 2008):

10          THE LAW CLERK:  All rise.

11          THE COURT:  Please be seated.

12          Let me start by thanking all of you for the most

13  cooperative and professional way you did this hearing, and also

14  for your helpful arguments.

15          Now, I think what was before me or, at least, as I

16  have treated this hearing as being a hearing, really, on Count

17  Three of the Counterclaim, which is that which calls for

18  piercing of the corporate veils, and the issues, as we talked

19  earlier, with respect to that part of the case are, one, did

20  the defendants violate -- I mean defendants now as the

21  defendants in the counterclaim -- did the defendants violate

22  the discovery rules and Court Orders; and, two, if so, A, was

23  Verizon prejudiced, and, B, what is the appropriate sanction,

24  if it was.

25          With respect to the first question, whether defendants

1    violated the discovery rules, I find that they did.  I am

2    persuaded that Ms. Lima lied about what she prepared and what

3    she destroyed.  It is incredible that the bookkeeper of as

4    complex a group of companies as this would destroy invoices and

5    bank statements and then rely on the bank for any information

6    that would have been on those statements.  That, simply, makes

7    no sense to me.

8         I do credit her testimony that what she did do she did

9    on orders from Richard Gangi and, at times, Frank Gangi.  I

10   further find wholly incredible the story about the fall and

11   breaking of the first computer.  There is, furthermore, no

12   evidence that the hard drive itself was broken and none as to

13   the disposition of that broken computer.  Indeed, the evidence

14   permits the inference, which I draw, that it was withheld or

15   even purposely destroyed at a later date, and the evidence that

16   permits this inference is Mr. Taylor.  How else would he be

17   able to get easily the data for the 2006 tax returns other than

18   from the allegedly totally broken computer?

19        I do credit, also, Ms. Lima's testimony that she ran

20   Window Washer, although I do not believe the reason she gave.

21   Given the use of the shredding software and the defragmenter

22   later on, I am persuaded that the cleansing of the later

23   computer was part of a concerted effort to destroy the

24   information contained on that computer.

25        Lima's and Mr. Gangi's testimony about their practice

1   of routinely and regularly destroying financial data and

2   relying on bank statements at the bank is, to me, both

3   inherently incredible and contradicted by the evidence of Ms.

4   Conway's activities.  Now, she was not a witness at this

5   hearing, but, certainly, there was a good deal of testimony

6   about her activities from both Ms. Lima and Mr. Taylor.

7        So, it turns out that these companies did, after all,

8   behave rationally and that they did have and produced for the

9   outside accountant general ledgers or roll-ups on a monthly

10  basis, which, certainly, should be available at this stage.

11       I also do not believe that the very large last

12  production last Sunday was entirely the product of

13  inadvertence.  I do not, by this statement, mean to imply any

14  wrongdoing by present or even past counsel.

15       With respect to the objections about which you, Mr.

16  Osterberg, argued, the documents are clearly relevant, and the

17  objections are now overruled.  That is, the motion before me is

18  not just for summary judgment but to compel production, and it

19  seems to me that, since these documents have been shown to be

20  highly relevant to the merits of the case, they are now ordered

21  to be produced.

22       In sum, I find that the defendants violated the rules

23  and the Court's earlier Orders.

24       Now, with respect to the second part of the inquiry,

25  whether Verizon was prejudiced, not only was its trial

1   preparation on all counts compromised, but it had to attend to

2   this additional litigation as a result of the fact that there

3   was such withholding of information.

4        Now, as to the appropriate sanction, first, I think

5   that the proof adduced in this hearing shows that there was

6   misconduct by the Global companies and Mr. Gangi, whose

7   testimony I also do not believe.  I do not, however, believe

8   there is sufficient evidence of wrongdoing by Chesapeake, 121,

9   or whatever the number is, Hancock, CJ3, RJ Equity (sic) or

10  Heath Street, the Heath Street Trust, to apply any sanctions

11  against them.

12       With respect to Ferrous, I believe and so rule that it

13  is collaterally estopped from contesting the rulings in the

14  *Southern New England Telephone* case and, therefore, from

15  contesting Count Three in this case and, therefore, will enter

16  default judgment against it with respect to that.

17       The appropriate sanction as to the Global companies

18  and Mr. Gangi, it seems to me, is that they shall not be able

19  to contest Count Three, which, again, is, effectively, a

20  default judgment on that count.

21       With one exception, the motion is denied as to the

22  remaining defendants and the remaining counts, to the extent

23  that they're in them.  The exception is that the Count One

24  defendants are precluded from relying on the late production --

25  on any of the documents contained in the late production at the

1    trial on the merits.

2            That is my ruling on Count Three and with respect to

3    the matters that we heard the last two days.

4            Now, you had also asked for a pretrial conference, and

5    I think that the trial on the merits, really, has three parts

6    to it.  One is, what are the number of minutes, what is the

7    applicable rate, and, three, the question as to whether any

8    charge can be assessed, that is, the intrastate-interstate

9    issue.

10           Some of these, I believe, are really legal questions,

11   and I think you should be entitled to argue them before I

12   decide just how we proceed with them.  So, I would suggest that

13   we adjourn now until tomorrow morning and then proceed to argue

14   these legal issues that are inherent in each of these three

15   questions that I think drive the trial on the merits.  If you

16   think I'm wrong about that, of course, you're entitled to tell

17   me that.

18           I am sorry that the out-of-state counsel would,

19   thereby, be required to stay longer, for another day, but I

20   have a full afternoon, including a criminal sentencing, so I

21   can't really do it today, and, also, I think it's useful to

22   digest the results of the current hearing and then address the

23   remainder of the case in light of that, and I invite you to

24   make whatever comments and suggestions of how we should proceed

25   tomorrow morning.

1          Mr. Weigel, will that work for your team?  Mr. Owens?

2          MR. WEIGEL:  Yes.

3          MR. OWENS:  Your Honor, that's fully acceptable to us,

4   and our counsel are all prepared to be here for tomorrow

5   morning.

6          THE COURT:  How about you, Mr. Pastore?

7          MR. PASTORE:  Yes, we can stay.

8          THE COURT:  So, tomorrow morning I really would like

9   to have a pretrial conference and invite you to, first of all,

10   tell me that I misstate what the issues are, and, if so, or, if

11   not, what the legal questions are that I need to decide before

12   we go to hear the evidence.  All right?

13          MR. WEIGEL:  Thank you, your Honor.

14          MR. OSTERBERG:  Thank you, your Honor.

15          THE COURT:  Thank you all.  We are in recess until

16   2:00.

17          THE LAW CLERK:  All rise.

18   (Proceedings adjourned at 12:20 a.m.)

19

20

21

22

23

24

25

1                         C E R T I F I C A T E

2

3

4           I, Brenda K. Hancock, RMR, CRR and Official Reporter

5    of the United States District Court, do hereby certify that the

6    foregoing transcript, from Page 1 to Page 8, constitutes, to

7    the best of my skill and ability, a true and accurate

8    transcription of my stenotype notes taken in the matter of

9    Global NAPs v. Verizon, Civil Action No. 02-12489-RWZ.

10

11

12

13

14

15                              /s/ *Brenda K. Hancock*

16                              Brenda K. Hancock, RMR, CRR

17                              Official Court Reporter

18

19

20

21

22

23

24

25