IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FERROUS MINER HOLDINGS, LTD., | : | Case No. 14-12343 (BLS) |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GLOBAL NAPS, INC., | : | Case No. 14-12344 (BLS) |
| | : | |
| Debtor. | : | **Obj. Deadline: October 29, 2014 at 11:00 a.m.**[1] |
| | | **Hearing Date: October 31, 2014 at 9:30 a.m.** |

**UNITED STATES TRUSTEE'S RESPONSE TO MOTION OF CARL F. JENKINS, AS COURT-APPOINTED RECEIVER, TO DISMISS CHAPTER 11 BANKRUPTCY CASES PURSUANT TO 11 U.S.C. § 305**

In support of her response to the Motion of Carl F. Jenkins, as Court-Appointed Receiver, to Dismiss Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. § 305 (the "Motion"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Response.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir.

---
[1] The objection deadline was extended by agreement of the parties.

1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.  Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Response.

## BACKGROUND

4.  On October 14, 2014, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.  As of this date, no official committee of unsecured creditors has been appointed in this case.

6.  The Motion, filed on October 17, 2014, seeks dismissal of the Debtors' bankruptcy cases. Three creditors of the Debtors, Verizon New England Inc., the National Railroad Passenger Corporation and Level 3 Communications LLC, have each filed joinders to the Motion.

## PRELIMINARY STATEMENT

7.  The U.S. Trustee submits that the relief sought in the Motion is appropriate in these cases for several reasons. First, Mr. Gangi's actions in filing these cases is a violation of the Receivership Order issued by the United States District Court for the District of Massachusetts ("Massachusetts District Court"), which has been in place for over four years. Pursuant to section 305 of the Bankruptcy Code, the interests of the creditors and the debtors would be better served by dismissal of these cases, thereby allowing the liquidation to proceed via the Receivership proceeding in Massachusetts. In the alternative, the cases should be dismissed pursuant to section 1112 of the Bankruptcy Code, as the filings were in bad faith and

without a proper purpose.

## RESPONSE

*The Filing of the Bankruptcy Petitions was in Violation of the Receivership Order.*

8. The assets and interests of the Debtors are the subject of a receivership proceeding in the Massachusetts District Court. In May 2010, Mr. Jenkins was appointed Receiver of the Debtors, including several other related entities, pursuant to the Amended Order for Appointment of Keeper and Receiver (the "Receivership Order") entered in *Global NAPs v. Verizon New England Inc.*, Civil Action Nos. 02-12489 (RWZ) and 05-10079 (RWZ). (Motion, ¶ 5).

9. The property over which the Receiver was granted authority includes all real and personal property of the Debtors. Pursuant to the Receivership Order, Receivership Property also includes "[a]ll shares and/or membership interests in . . . Ferrous Miner Holdings, Ltd. [and] Global Naps, Inc. Motion, ¶ 9, quoting Receivership Order, at ¶ 2(b). The Receivership Order restrains the Debtors and Mr. Gangi from, among other things, "interfering in any manner with the discharge of the Receiver's duties under this Order." (Motion, ¶ 10, quoting Receivership Order, at ¶ 14).

10. On September 25, 2014, the Receiver filed a motion to approve the private sale of 1003 Donnelly Ave., Atlanta, Georgia, free and clear of liens and encumbrances. Consideration of the sale was scheduled for October 22, 2014 by the Massachusetts District Court. On October 10, 2014, Mr. Gangi filed an objection to the proposed sale. (Motion, ¶ 14-16).

11. On October 14, 2014, Mr. Gangi authorized the bankruptcy petitions to be filed by the Debtors, despite the existence of the Receivership Order which specifies that the Receivership Property includes all shares and/or membership interests in the Debtors and that

Mr. Gangi is not to interfere with the discharge of the Receiver's duties. In addition, the Receivership Order authorizes Mr. Jenkins to make "all business decisions over the assets and operations of the Judgment Debtors." (Receivership Order, ¶ 1).

12. The length of the Receivership proceeding also weighs against the authority of Mr. Gangi to file the petitions in these cases. "One may file for bankruptcy unless the debtor meets one of Congress' narrowly tailored exceptions, conducts fraud on a federal court, or is involved with a federal receivership substantially underway." *In re Kreisers, Inc.*, 112 B.R. 996, 1000 (Bankr. D.S.D. 1990) (citing *U.S. v. Royal Bus. Funds Corp.,* 29 B.R. 777, 780 (S.D.N.Y. 1983), aff'd 724 F.2d 12, 16 (2d Cir. 1983) (pending federal receivership and related injunction under the Small Business Investment Act preclude filing of chapter 11 petition without federal court approval, "a debtor subject to a federal receivership has no absolute right to file a bankruptcy petition")); see also *U.S. v. Vanguard Inv. Co., Inc.*, 667 F. Supp. 257, 259 (M.D. N.C. 1987), aff'd, 907 F.2d 439 (4th Cir. 1990), (holding corporation's president had no authority to file for reorganization of corporation in federal receivership); *SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 607-08 (9th Cir. 1978) (declining to transfer a receivership into bankruptcy, emphasizing "how far the liquidation has progressed.").

*These Cases Should be Dismissed Pursuant to 11 U.S.C. § 305 (a).*

13. Section 305(a) of the Bankruptcy Code provides that after notice and a hearing, the court may dismiss a bankruptcy case if the interests of creditors and the debtor would be better served by dismissal. In *In re South Canaan Cellular Investments, LLC*, 420 B.R. 625, 631 (E.D. Pa. 2009), the court stated that:

> [D]ismissal under § 305 is left to the discretion of the Bankruptcy Court, which in making this decision, considers a wide variety of factors including but not limited to: who filed the bankruptcy petition, the

availability of another forum to handle the pending disputes, the necessity of federal proceedings to achieve a just and equitable solution, the expense of the federal proceedings in comparison to the proceedings in another forum, the purpose of the party seeking to remain in bankruptcy court, the economy and efficiency of having the bankruptcy court handle the matter and the possible prejudice to various parties.

14. Several creditors support dismissal of these cases. Verizon New England Inc., the National Railroad Passenger Corporation and Level 3 Communications LLC have each filed joinders to the Motion. The Receivership has been pending for approximately four years, during which time the Receiver has sold almost all of the assets of the Debtors. The Debtors have no operations, few remaining assets and no apparent reorganization purpose. If the case were to remain in bankruptcy court, there would almost certainly be increased administrative costs and further disputes over control of the Debtors. Based on the facts alleged to date, it is likely that one or more parties will move for appointment of a chapter 11 trustee or conversion of the cases to chapter 7. The interests of the creditors and the Debtors would be better served by allowing the receivership proceeding to conclude in the Massachusetts District Court.

*Alternatively, the Cases Should be Dismissed Pursuant to 11 U.S.C. § 1112(b)*

15. The cases may also be dismissed pursuant to section 1112(b) of the Bankruptcy Code, which provides that if the movant establishes cause, the court shall, after notice and a hearing, convert a case to Chapter 7, or dismiss a case, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1).

16. Pursuant to 11 U.S.C. §1112(b)(4), "cause" includes: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (§ 1112 (b)(4)(A))." Pursuant to Bankruptcy Code section 102(3), "includes" and including" are not limiting. Thus, cause for conversion or dismissal may exist beyond

the various examples cited in 11 U.S.C. § 1112 (b)(4), such as lack of good faith.  See *In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999).  The determination of good faith is "committed to the sound discretion of the bankruptcy court or district court and will be reviewed for abuse of discretion." *Id.*  In *In re Primestone Investment Partners L.P.*, 272 B.R. 554, 557 (D. Del. 2002), the court set forth several factors to consider in conducting a good faith analysis:

> (a) Single asset case;
> (b) Few unsecured creditors;
> (c) No ongoing business or employees
> (d) Petition filed on eve of foreclosure;
> (e) Two party dispute which can be resolved in pending state court action;
> (f) No cash or income;
> (g) No pressure from non-moving creditors;
> (h) Previous bankruptcy petition;
> (i) Postpetition conduct was improper;
> (j) No possibility of reorganization;
> (k) Debtor formed immediately prepetition;
> (l) Debtor filed solely to create automatic stay; and
> (m) Subjective intent of the debtor.

17.     Several of the factors noted in *Primestone* are present in this case.  The Debtors have no ongoing business, no employees and no regular source of income.  The petitions were filed shortly before a sale scheduled by the Receiver, presumably to attempt to obtain the benefit of the automatic stay.  The Debtors have no operations, few assets and no apparent reorganization purpose.  As such, there appears to be little possibility of reorganization.  The matter should be resolved through the pending receivership.

18.     Under these circumstances, this Court should exercise its discretion to dismiss the cases pursuant to 11 U.S.C. § 1112(b).

WHEREFORE, the U.S. Trustee requests that this Court issue an order granting the Motion and/or granting such other relief as this Court deems appropriate, fair and just.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **UNITED STATES TRUSTEE**

        **By:**   */s/ Jane M. Leamy*
            Jane M. Leamy (#4113)
            Trial Attorney
            J. Caleb Boggs Federal Building
            844 King Street, Suite 2207, Lockbox 35
            Wilmington, DE 19801
            (302) 573-6491

Dated: October 29, 2014        (302) 573-6497 (Fax)